# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs December 11, 2013

## STATE OF TENNESSEE v. BRANDI CLUTTS

**Appeal from the Circuit Court for Marshall County**
**No. 10CR43, 46, 52, 55    Robert G. Crigler, Judge**

---

**No. M2013-01426-CCA-R3-CD - Filed January 15, 2014**

---

The Defendant-Appellant, Brandi Clutts, appeals the trial court's revocation of her probation and reinstatement of her original four-year sentence in the Department of Correction. On appeal, Clutts argues that the trial court abused its discretion in ordering a sentence of full confinement rather than imposing split confinement. Upon our review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JERRY L. SMITH and ALAN E. GLENN, JJ., joined.

Donna Orr Hargrove, District Public Defender; and William J. Harold, Assistant Public Defender, Lewisburg, Tennessee, for the Defendant-Appellant, Brandi Clutts.

Robert E. Cooper, Jr., Attorney General and Reporter; Sophia S. Lee, Senior Counsel; Robert Carter, District Attorney General; and Weakley E. Barnard, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

On June 18, 2010, the Defendant-Appellant, Brandi Clutts,[1] was convicted in the Marshall County Circuit Court of five counts of burglary of an automobile, six counts of theft, four counts of vandalism, and seven counts of reckless endangerment.[2] She received

---

[1] The Defendant-Appellant's name is also spelled as "Brandy Clutts" elsewhere in the record.

[2] The record reflects that the Defendant-Appellant was also convicted in the Moore County Circuit Court on June 18, 2010 of three counts of burglary of an automobile, three counts of theft, and one count of

(continued...)

an effective four-year sentence, which was suspended to eight years on supervised probation.[3] On February 9, 2013, Clutts was arrested in Lincoln County and charged with driving while under the influence (DUI), first offense. A warrant was issued on March 6, 2013 alleging that Clutts violated the conditions of her probation due to her arrest and DUI charge. At the time of the arrest, Clutts was also on probation in Moore County.

At the May 22, 2013 hearing, Clutts entered a guilty plea to violating the terms and conditions of her probation and waived her right to a violation hearing. The hearing proceeded as to the disposition of the probation violation.

Robert Fitch testified that he was Clutts's fiancé and that they had been in a relationship for three years. He said that in the two months that Clutts had been in custody, her three children had experienced traumatic effects due to her absence. The oldest child had been taken to the emergency room for threatening to harm himself. Fitch said he and Clutts's grandfather were the primary caretakers of the children, who were aged twelve, six, and two. He stated that Clutts's grandfather had difficulty caring for the children due to his recent heart surgery and that Clutts's grandmother had recently passed away. According to Fitch, Clutts was working at Tepro Industries when she was taken into custody and could clean houses if she were released.

On cross-examination, Fitch acknowledged that Clutts had been on probation in Moore County and in Marshall County at the time of the DUI offense and that she had a blood alcohol count (BAC) of 0.14. Fitch asked the court to be as lenient as possible in its disposition for the sake of Clutts's children and grandfather. He maintained that Clutts had been on probation for three years without any problems. Three letters written on Clutts's behalf by her grandfather, aunt, and potential employer were entered into evidence without objection.

Lieutenant Andy Rodriguez of the Fayetteville Police Department testified that he arrested Clutts for DUI in Lincoln County on the evening of February 9, 2013. Lieutenant Rodriguez said he had responded to a call of a possible DUI driver, which included a detailed description of the vehicle. He located the vehicle, which was parked with the engine running in a handicapped space at Walmart. Lieutenant Rodriguez identified Clutts as the driver and

_____

[2](...continued)
conspiracy to commit burglary of an automobile. She received an effective four-year sentence, which was suspended to eight years on supervised probation to be served consecutively with the sentence in Marshall County.

[3] We glean these facts from the Probation Violation Report and the Violation of Probation Affidavit because the underlying indictment and judgments of conviction were not included in the record on appeal.

detected an odor of alcohol while speaking with her. He said multiple children under the age of sixteen were also in the car. After the initial field test, Clutts was transported to a local hospital where a blood alcohol test was conducted. Her BAC registered at 0.14. A certified copy of the DUI arrest warrant was entered into evidence without objection. Lieutenant Rodriguez said the matter was pending and that there was no disposition at that time. He agreed that the arrest warrant reflected that Clutts had admitted to drinking on the night in question.

Renee Howell of the Tennessee Board of Probation and Parole testified that she was Clutts's probation supervisor and that she had requested the probation violation warrant after Clutts was arrested and charged with DUI in Lincoln County. She agreed that Clutts was also on probation in Moore County. Howell stated that prior to the DUI charge, Clutts had complied with all the terms and conditions of her probation.

At the conclusion of the disposition hearing, the trial court revoked Clutts's probation and ordered her to serve the balance of her original sentence in confinement. In support of its decision, the trial court stated:

> You know, it's sad that people hurt their family members by committing crimes, and it's -- not criticizing counsel, but it can be kind of irritating that they try and use their family to leverage into a -- some sort of break that they haven't merited. Sure their family suffers when they're in jail, but they did it to themselves, not going to make me feel guilty about it. I'm sorry their family members suffer, but they need to look in the mirror when they find -- to the cause of that hurt to their family members.
>
> And we talked about mitigating, enhancing factors, and range. And there's no legal factor that's going to hurt my family member to be in jail. That's not the law. That's just a naked pitch to sympathy. You know, this defendant committed a huge number of felonies in Moore County and here and committed a DUI that's a danger to herself. DUI is a danger to the person driving and the public at any -- any situation and certainly when there's children in the car. So I'm going to order her to serve the sentence that she was fortunate enough to have it probated to begin with.

It is from this order that Clutts now timely appeals.

**ANALYSIS**

On appeal, Clutts argues that the trial court "improperly required [her] to serve the balance of her sentence for violating the terms of her probation." She asserts that the trial court should have imposed a sentence of split confinement and that a sentence of full incarceration based on these facts "essentially amounts to an abuse of discretion." The State responds that the trial court did not abuse its discretion when it ordered Clutts to serve the balance of her original sentence in confinement. We agree with the State.

After determining that a defendant "has violated the conditions of probation and suspension by a preponderance of the evidence, the trial judge shall have the right . . . to revoke the probation and suspension of sentence, and . . . [c]ause the defendant to commence the execution of the judgment as originally entered, or otherwise, in accordance with § 40-35-310[.]" T.C.A. § 40-35-311(e) (2010). Probation revocation rests within the sound discretion of the trial court, and this court will not disturb the trial court's ruling absent an abuse of that discretion. State v. Shaffer, 45 S.W.3d 553, 554 (Tenn. 2001) (citing State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991)). In order to establish an abuse of discretion, the defendant must show "that the record contains no substantial evidence to support the conclusion of the trial judge that a violation of the conditions of probation has occurred." Harkins, 811 S.W.2d at 82 (citing State v. Grear, 568 S.W.2d 285, 286 (Tenn. 1978); State v. Delp, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980)). Once the trial judge has made the finding that a violation of probation has occurred, he or she has the discretion to order the defendant to (1) serve the original sentence in incarceration; (2) serve the probationary term, beginning anew; or (3) serve a probationary period that is extended for up to an additional two years. State v. Hunter, 1 S.W.3d 643, 647 (Tenn. 1999) (citations omitted); see T.C.A. §§ 40-35-308, -310, -311.

Here, Clutts entered a guilty plea to violating the conditions of her probation and thus the right of the trial judge to revoke her probation is not in dispute. She contends, however, that the trial court abused its discretion and improperly ordered her to serve her original sentence in incarceration. She argues that, in spite of her "one poor decision," split confinement would be a better alternative to confinement. However, it is well-established that once the trial court determined that Clutts had violated the terms of her probation, it was authorized "to cause execution of the defendant's original judgment as it was originally entered." Hunter, 1 S.W.3d at 647 (citing T.C.A. § 40-35-310). Moreover, this court has repeatedly held that "an accused, already on probation, is not entitled to a second grant of probation or another form of alternative sentencing." State v. Jeffrey A. Warfield, No. 01C01–9711–CC–00504, 1999 WL 61065, at *2 (Tenn. Crim. App. Feb. 10, 1999), perm. app. denied (Tenn. June 28, 1999). Based on the record, we cannot conclude that the trial

-4-

court abused its discretion in ordering Clutts to serve the balance of her original sentence in confinement.  Accordingly, she is not entitled to relief.


## **CONCLUSION**

Upon our review, we affirm the judgment of the Marshall County Circuit Court.


_____
CAMILLE R. McMULLEN, JUDGE